Sen. Arlen **SPECTER**, et al.

v.

**H. Lawrence GARRETT, III, Secretary of the Navy, et al.**

Civ. A. No. 91–4322.

United States District Court, E.D. Pennsylvania.

Nov. 1, 1991.

mention of whether or not the employee was required to park in the employer's parking lot.

David H. Pittinsky, Bruce W. Kauffman, Dilworth, Paxson, Kalish & Kauffman, Philadelphia, Pa., for plaintiffs.

Vincent M. Garvey, Dept. of Justice, Civ. Div., David J. Anderson, Mark W. Batten, U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

BUCKWALTER, District Judge.

I will grant the defendants' motion to dismiss because:

(a) the statute precludes judicial review; and

(b) the political question doctrine forecloses judicial intervention.

### A. THE STATUTE PRECLUDES JUDICIAL REVIEW

Plaintiffs have asserted that their right to judicial review for Counts I and II arises under the Administrative Procedure Act, 5 U.S.C. §§ 551–706 (1977), hereafter APA.

■ The presumption of judicial review of federal agency action under the APA is well established. *See Abbott Laboratories v. Gardner*, 387 U.S. 136, 141, 87 S.Ct. 1507, 1511, 18 L.Ed.2d 681 (1967). This presumption, like all presumptions used in interpreting statutes, may be overcome by the appropriate showing of congressional intent. *Block v. Community Nutrition Institute*, 467 U.S. 340, 349, 104 S.Ct. 2450, 2455, 81 L.Ed.2d 270 (1984). The APA specifically provides two methods for overcoming the presumption of judicial review in § 701(a). For purposes of this case, we are concerned only with the first method in § 701(a)(1), which provides for no judicial review under the APA "to the extent that—(1) statutes preclude judicial review ..." 5 U.S.C. §§ 701(a)(1) (1977).

In determining whether a statute precludes judicial review, the Supreme Court has instructed courts to look at "specific language or specific legislative history that is a reliable indicator of congressional intent," "the collective import of legislative and judicial history behind a particular statute," and "inferences of intent drawn from the statutory scheme as a whole." *Block*, 467 U.S. at 349, 104 S.Ct. at 2456. As long as the congressional intent to preclude judicial review is "fairly discernible in the statutory scheme," the presumption favoring judicial review has been overcome. *Id.* at 351, 104 S.Ct. at 2456.

■ Applying these standards, the court finds that the Defense Base Closure and Realignment Act of 1990 precludes judicial review for the following reasons. Initially, specific language in the legislative history of the Act indicates a congressional intent to preclude judicial review. The House Conference Report provides:

> The rulemaking (5 U.S.C. 553) and adjudication (5 U.S.C. 554) provisions of the Administrative Procedures Act (5 U.S.C. 551 et seq.) contain explicit exemptions for "the conduct of military or foreign affairs function." An action falling within this exception, as the decision to clear and realign bases surely does, is immune from the provisions of the Administrative Procedures Act dealing with hearings (5 U.S.C. 556) and final agency decisions (5 U.S.C. 557). Due to the military affairs exception to the Administrative Procedure Act, no final agency action occurs in the case of various actions required under the base closure process contained in this bill. These actions, therefore, would not be subject to the rulemaking and adjudication requirements, and would not be subject to judicial review. Specific actions which would not be subject to judicial review include the issuance of a force structure plan ..., the issuance of

selection criteria ..., the Secretary of Defense's recommendation of closures and realignments of military installations ..., the decision of the President ..., and the Secretary's actions to carry out the recommendations of the Commission....

H.R.Conf.Rep. 101–923, 101st Cong., 2d Sess. 706, *reprinted in* 1990 U.S.Code Cong. & Admin.News 3110, 3258.

This passage in the legislative history expresses a clear congressional intent to preclude judicial review under the APA of all actions taken pursuant to the Base Closure Act.

Other indicia of statutory intent to preclude judicial review is the Act's concern with "the timely closure and realignment of military installations." Section 2901(b). The House Conference Report stated a desire for the base closure process under the 1990 Act to correct the failings of the base closure process under the then existing law, which included that closures and realignments "take a considerable period of time and involve numerous opportunities for challenge in court." H.R.Conf.Rep. 101–923, 101st Cong.2d Sess. 705, reprinted in 1990 U.S.Code Cong. & Admin.News 3110, 3257. The Report further stated that the new process under the 1990 Act "involving an independent, outside commission will permit base closures to go forward in a prompt and rational manner." *Id.*

This language in the legislative history indicates that there was concern that judicial review of base closures had been preventing the base closure process from moving forward in a timely manner. The desire to correct this shortcoming under the then existing law further supports the contention that no judicial review was contemplated by the 1990 Act. While the arguments proposed by both sides on this issue are extensive, I have written this memorandum in a rather summary fashion in the interest of time, but not at the expense of a thorough analysis of the arguments on both sides. In brief, I find that the intent to preclude judicial review is "fairly discernible in the statutory scheme."

## B. THE POLITICAL QUESTION DOCTRINE FORECLOSES JUDICIAL INTERVENTION

"Our discussion, even at the price of extending this opinion, requires review of a number of political question cases, in order to expose the attributes of the doctrine—attributes which, in various settings, diverge, combine, appear and disappear in seemingly disorderliness". *Baker v. Carr,* 369 U.S. 186, 210, 82 S.Ct. 691, 706, 7 L.Ed.2d 663 (1962).

Based on my own review of cases as well as treatises on the subject, I believe that Justice Brennan's statement in the *Baker* case, *supra,* remains as true today as it was 29 years ago. Nevertheless, the *Baker* case did describe the attributes of a political question and expressed them in the following manner:

It is apparent that several formulations which vary slightly according to the settings in which the questions arise may describe a political question, although each has one or more elements which identify it as essentially a function of the separation of powers. Prominent on the surface of any case held to involve a political question is found a textually demonstrable constitutional commitment of the issue to a coordinate political department; or a lack of judicially discoverable and manageable standards for resolving it; or the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; or an unusual need for unquestioning adherence to a political decision already made; or the potentiality of embarrassment from multifarious pronouncements by various departments on one question.

In a sense, the invoking of the political question doctrine is no more than a correlative of my first conclusion that the Defense Base Closure and Realignment Act of 1990 precludes judicial review.

On the other hand, the doctrine can stand by itself, it seems to me, as one which

recognizes that in certain cases, the concept of separation of powers strongly suggests that the judiciary should defer in certain controversies to one or both of the other branches of government.

 In reviewing the formulations in *Baker*, I felt that the present case represented one which was impossible for the court to resolve independently without expressing lack of respect due the coordinate branches of government.

The respect due to the other branches of government comes in part from a recognition that all branches are deeply concerned with conducting their affairs in the manner which is consistent with the constitution. Indeed, all three branches are involved in interpreting it. It is true, of course, that normally the judicial branch undertakes the ultimate review of laws and in so doing will not always agree with the interpretation of the other branches.

Under the political question doctrine, when should the judiciary defer to the other branches' views as opposed to simply undertaking judicial review and stating its own views, whether or not they differ from the other branches?

Unfortunately, there is no particular guidance in case law for determining the answer to that question as the first quotation from *Baker* indicates. The simple answer is, RARELY. Nevertheless, one must view the particular setting in which the question is raised. The case now before me comes with a significantly long history of attempts to close military bases and the problems resulting from such attempts. The Act of 1990 is the most recent in a series of efforts by Congress to resolve those problems fairly. Among other things, it provides for a review by Congress of the recommendations of the Commission, thereby giving members of Congress the opportunity to dispute those recommendations. As permitted by the Act, both the President and the Congress have approved the recommended base closures. While plaintiffs view defendants' raising of the political question doctrine as specious, I must disagree. Although I view it as a doctrine which should be used sparingly, this case fairly calls for its invocation.

In conclusion, I believe that it would be impossible to undertake judicial review of the decision on base closures made by the duly elected representatives of this country without expressing a lack of the respect due those branches of government.

Based on the foregoing opinion, the following order is entered:

## ORDER

AND NOW, this 1st day of November, 1991, it is hereby ORDERED that defendants' Motion to Dismiss is GRANTED; the court enters judgment for the defendants and the plaintiffs' claims are DISMISSED WITH PREJUDICE.